## James H. Baird, Plff. in Err., *v.* Ætna Life Ins. Co.

A memorandum between an insurance company and a party negotiating to become an agent contained brief stipulations as to per centum on policies,

NOTE.—Where negotiations are entered into between parties with a view to the entry into a contract, the preliminary negotiations are not to be considered the complete contract. Orr's Appeal, 67 Pa. 195. If any of the

terms of rent and salary, and referred to "general agent's contract." *Held,* not a contract which would support an action for breach.

(Decided April 12, 1886.)

Error to Common Pleas, No. 1, of Philadelphia County to review a judgment of nonsuit in an action of assumpsit for alleged breach of contract. Affirmed.

Plaintiff alleged that he agreed to go from Philadelphia to Washington, and open business as defendant's agent, upon the terms stated in a memorandum written by an officer of defendant at the time during an interview at the company's office in Hartford, Connecticut, in the following language:

## Memorandum.

Twenty-five per cent on renewable term and on other policies requiring less than twenty payments. Thirty per cent on other policies. Seven per cent on renewals. General agent's contract. Rent one year, $100. Guaranty, subject to discontinuance at sixty days' notice, of $100 per month in advance.

District of Columbia, September 14, 1883.

Plaintiff went to Washington, opened an office, and began business. Defendant shortly after sent him a contract for signature, containing provisions which he alleged had not been previously mentioned, *viz.:* He was to furnish a bond with two sureties; and was to agree to accept 10 per cent for one year, for his renewing business, in the event of defendant's discontinuing the agency. Defendant alleged that the contract sent was the general agent's contract referred to in the memorandum.

Plaintiff declined to sign the new contract, closed his office, and brought suit for breach of the contract represented by the

terms of the contract are to be determined in the future, the contract is not complete until this is done. Smith v. Loag, 132 Pa. 301, 19 Atl. 137; Zoebisch v. Rauch, 133 Pa. 532, 19 Atl. 415. Where it appears that a written agreement was contemplated, such must be entered into, unless it appears that the parties intended the contract to be executed without reference to the writing. Sparks v. Pittsburgh Co. 159 Pa. 295, 28 Atl. 152; Maitland v. Wilcox, 17 Pa. 231.

memorandum of September 14, 1883, claiming one year's salary and $1,200.

At the trial, plaintiff's counsel asked him the following questions, all of which were rejected, *viz.:*

"What are the duties of a general agent?

"What was said, in the interview between you and the vice president of the defendant company, with regard to the terms, under which you were to be employed?

"What was the guaranty referred to in the memorandum?

"What expense, if any, did you incur, by reason of your removal from Philadelphia to Washington?"

Plaintiff offered in evidence the portions of the alleged general agent's contract which he alleged corresponded with the contract made at Hartford, which being refused, he offered the other portions in evidence. This offer was also rejected.

Plaintiff then offered the whole contract and closed, whereupon the court granted a nonsuit.

The plaintiff thereupon took this writ, assigning the action of the court indicated above as error.

*Wm. H. Eva* and *Wm. H. Burnett,* for plaintiff in error.— Defendant inserted in the written contract, sent to plaintiff after he had begun his work, several provisions which plaintiff swears were not mentioned or agreed to at their interview, and which are certainly not expressed in the memorandum. These imposed a hardship upon plaintiff, and materially affected the terms of the contract.

The term "general agent's contract" means nothing but that plaintiff's position was to be that of general, as distinguished from special, agent; and that his contract was to be drawn so as to express in detail the provisions he had agreed upon.

If defendant had any right to introduce new provisions, it is for it to prove what the expression "general agent's contract" means.

If plaintiff is to be bound by anything defendant inserts in the contract, it must be: (1) Because there is an invariable form of general agent's contract; and (2) because plaintiff knew every conceivable thing that might be inserted therein.

There is no proof of the first position, and the second is untenable. But if defendant is to escape liability on the ground that it had a right to insert these provisions, and that the latter

were common to all contracts, the evidence was peculiarly within their own knowledge and was a part of defendant's case.

*J. R. Adams* and *Samuel B. Huey,* for defendant in error.— Plaintiff's case depended upon a variance between the memorandum and the contract. It was for him to show that the contract, in respect to those provisions which were not mentioned in the memorandum, differed from a general agent's contract. He offered no such evidence.

PER CURIAM:

It is evident that the original brief memorandum was not intended as a complete contract. Its meager details not only indicate its lack of completeness, but its reference to general agent's contract shows that it was intended to be prepared to conform therewith.

Such being the case, the contention was one of fact and of very easy solution. There is some evidence that the claim now made was an afterthought, without much foundation or reason.

Judgment affirmed.